# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE and DEMOCRATIC PARTY OF WISCONSIN<br><br>Plaintiffs,<br><br>v.<br><br>MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S. JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR., and MARK L. THOMSEN, in their official capacities as Wisconsin Elections Commissioners,<br><br>Defendants. | Civil Action No. 3:20-cv-00249 |

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs DEMOCRATIC NATIONAL COMMITTEE ("DNC") and DEMOCRATIC PARTY OF WISCONSIN, by and through their attorneys, respectfully move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and, after further proceedings, a preliminary injunction restraining Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing (1) the current on-line and mail-in registration deadline, Wisc. Stat. § 6.28(1); (2) requirements that copies of proof of residence and voter ID accompany electronic and by-mail voter registration, *id.* § 6.34; (3) requirements that copies of photo identification accompany absentee ballot applications, *id.* §§ 6.86, 6.87; and (4) the requirement that polling places receive absentee ballots by 8:00 p.m. on Election Day to be counted ("Election Day Receipt Deadline"), *id.* § 6.87 (collectively, the "Challenged Provisions").

Plaintiffs are entitled to a temporary restraining order and a preliminary injunction because they are substantially likely to succeed on the merits of their claim that the Challenged Provisions

severely burden the rights of Wisconsin voters and deprive them of a liberty interest. The United States is in the throes of an unprecedented crisis and, as COVID-19 spreads throughout the country, Americans—including Wisconsinites—are forced to socially distance themselves to try to slow the spread of the disease in a communal effort to save their friends, neighbors, and families, with no clear end in sight.[1] Wisconsin voters—including thousands of Plaintiffs' members and constituents—should not also be forced to make the untenable choice between their safety and potentially endangering the lives of others and exercising their fundamental right to vote. Yet, the Challenged Provisions do just that, forcing voters to resort to in-person registration or to leaving their homes to copy documents. Moreover, they impose arbitrary deadlines that simply cannot be met in the current crisis. If the Challenged Provisions are not enjoined during this unprecedented crisis, they will individually and collectively pose significant risks to voters seeking to exercise their right to vote in the upcoming April 7, 2020 election and in any election held while the crisis persists. Plaintiffs are also entitled to relief because they will suffer irreparable harm absent relief, and traditional legal remedies will not adequately protect their rights. Further, the harm to Plaintiffs and Wisconsin voters outweighs any putative harm to the State, and the relief Plaintiffs seek is in the public interest. In order to maintain the status quo pending determination of their motion for preliminary injunction, Plaintiffs seek an immediate temporary restraining order to prevent these immediate and irreparable injuries to Wisconsin voters' rights.

For the foregoing reasons, and as set forth in the accompanying Brief in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, the DNC and

---

[1] Just yesterday, in fact, Wisconsin Governor Tony Evers banned public gatherings of more than 10 people effective at 5:00 p.m. on March 17, 2020. Sarah Seifert, *Evers bans gatherings of 10 people or more*, LEADER-TELEGRAM (Mar. 17, 2020), https://www.leadertelegram.com/covid-19/evers-bans-gatherings-of-people-or-more/article_b9d9d9b3-d3a3-5725-a278-5562b2c18ace.html. The latest estimates indicate that the current crisis and social distancing efforts could persist for the next 14 to 18 months.

Democratic Party of Wisconsin respectfully request that this Court grant an immediate Temporary Restraining Order and, after further proceedings, a Preliminary Injunction enjoining (1) enforcement of the March 18 electronic and by-mail voter registration deadline and extending it to April 3; (2) the requirement that new voter registrations include copies of proof of residency, (3) the requirement that absentee voters include a copy of voter identification with absentee ballot requests, and (4) the rejection of ballots that are postmarked on or before Election Day and arrive at a polling place or municipal clerk's office within, at a minimum, ten days of Election Day and ballots that do not have a postmark or other marking from the United States Postal Service are presumed to have been mailed on or before Election Day.

Dated this 18th day of March, 2020.

Respectfully submitted,

/s/ *Bruce V. Spiva*
Marc E. Elias
John Devaney
Bruce V. Spiva
Amanda R. Callais
Zachary J. Newkirk*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
acallais@perkinscoie.com
scommand@perkinscoie.com

Charles G. Curtis, Jr.
Sopen B. Shah
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, Wisconsin 53703-3095
Telephone: (608) 663-7460

- 4 -

Facsimile: (608) 663-7499
CCurtis@perkinscoie.com
SShah@perkinscoie.com

*Counsel for the Plaintiffs*
*\*Motion for Pro Hac Vice Forthcoming*

- 4 -