## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE and DEMOCRATIC PARTY OF WISCONSIN, | Civil Action No. 3:20-cv-249-wmc |
| Plaintiffs, | |
| v. | |
| MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S. JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR., and MARK L. THOMSEN, in their official capacities as Wisconsin Elections Commissioners, | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO MOTION IN SUPPORT OF LEAVE TO FILE AMICUS MEMORANDUM BY THE CITIES OF MILWAUKEE AND MADISON, WISCONSIN**

On Friday, March 20, the two largest cities in Wisconsin, Milwaukee and Madison, submitted a Motion in Support of Leave to File Amicus Memorandum by the Cities of Milwaukee and Madison, Wisconsin ("Cities' Motion") and a sworn affidavit by Neil Albrecht, the Executive Director of the Board of Election Commissioners for the City of Milwaukee ("Albrecht Affidavit") in support thereof. Plaintiffs support the filing of the proposed Amicus brief by the Cities of Milwaukee and Madison. Indeed, Plaintiffs intend to give blanket consent to the filing of Amicus briefs by any interested parties whether in support of or in opposition to Plaintiffs' requested relief.

Plaintiffs ask the Court to take note that the sworn facts set forth in the Cities' Motion and the supporting Albrecht Affidavit provide further concrete evidence of the burgeoning election administration disaster caused by the COVID-19 pandemic, and the attendant severe threat to the voting rights of Wisconsin residents. In particular, Madison and Milwaukee note that they are receiving an "unprecedented volume of absentee voters" for the 2020 spring election and many more than the number received in either 2012 or 2016. Cities' Motion at 5. These numbers are

likely only to go up given that the Cities have both declared a state of emergency that prohibits gatherings of 10 or more. *Id.* at 1. Both cities are losing large numbers of Election Day polling sites and poll workers as a direct result of the spreading virus. *Id.* at 3. Moreover, overseas voters in several countries cannot get their ballots to the polls on time because the mail in their countries has been shut down. *Id.* The experienced election administrators in Milwaukee and Madison, based on what they are observing on the ground in real time, believe these factors create a "strong probability that hundreds if not thousands of votes will be lost by late-arriving absentees (those received after Election Day)." *Id.* at 5.[1] They support reinstating Wisconsin's former policy, in effect prior to August 2016, of counting absentee ballots that arrived after Election Day as long as they were post-marked by Election Day and arrived by the Friday after the election. *Id.*

This Court emphasized in Friday evening's Order and Opinion that Plaintiffs' request for extending the deadline for receipt of absentee ballots "may have merit, and may be of assistance for the Elections Commission and municipal clerks should state and local officials not fulfill their promise to ensure sufficient staffing before and on election day." ECF No. 37 at 17. Nevertheless, the Court was unwilling to "speculate about the need for this relief on the limited record before it." *Id.* Plaintiffs respectfully submit that the facts set forth in the Cities' Motion make clear that the Cities will not be able to ensure adequate staffing either before or on Election Day as a direct result of the worsening COVID-19 pandemic, and the resultant dropping out of numerous poll workers in both cities. Given this and the huge surge in absentee ballots linked to COVID-19, Milwaukee and Madison predict that "hundreds if not thousands of votes" will arrive after 8 p.m. on Election Day. Cities' Motion at 5. This provides powerful additional evidentiary support for

---

[1] In his Affidavit, Executive Director Albrecht attested that he had reviewed information provided by the City Clerk of the City of Madison, Maribeth Witzel-Behl, and believed it was true and correct as stated in the Cities' Motion. The Cities' Motion was of course submitted on behalf of both cities. Cities' Motion at 1.

Plaintiffs' requested extension. Per the Court's instructions in its Opinion and Order at 17, Plaintiffs intend as expeditiously as possible to continue to pursue an extended deadline for receipt of absentee ballots in a motion for preliminary injunction, supported by additional evidence, including the evidence set forth in the Cities' Motion and accompanying Albrecht Declaration.

Respectfully submitted,

/s/ Bruce V. Spiva
Marc E. Elias
John Devaney*
Bruce V. Spiva
Amanda R. Callais
Zachary J. Newkirk*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
jdevaney@perkinscoie.com
bspiva@perkinscoie.com
acallais@perkinscoie.com
znewkirk@perkinscoie.com

Charles G. Curtis, Jr.
Sopen B. Shah
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, Wisconsin 53703-3095
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
CCurtis@perkinscoie.com
SShah@perkinscoie.com

Counsel for the Plaintiffs
*Motions for Admission Forthcoming