UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE and DEMOCRATIC PARTY OF WISCONSIN<br><br>Plaintiffs,<br><br>v.<br><br>MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S. JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR., and MARK L. THOMSEN, in their official capacities as Wisconsin Elections Commissioners,<br><br>Defendants. | Civil Action No. 3:20-cv-249-wmc |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND RECONSIDERATION OF THE COURT'S RULING ON THE BY-MAIL ABSENTEE DEADLINE AND DOCUMENTATION REQUIREMENTS**

Plaintiffs DEMOCRATIC NATIONAL COMMITTEE ("DNC") and DEMOCRATIC PARTY OF WISCONSIN, by and through their attorneys, respectfully move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction restraining Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing (1) the current mail-in registration deadline, Wisc. Stat. § 6.28(1); (2) the requirement that copies of proof of residence and voter ID accompany electronic and by-mail voter registration, *id.* § 6.34; (3) the requirement that copies of photo identification accompany absentee ballot applications, *id.* §§ 6.86, 6.87; (4) the requirement that absentee ballots be signed by a witness, *id.* § 6.87(2); and (5) the requirement that polling places receive absentee ballots by 8:00 p.m. on Election Day to be counted ("Election Day Receipt Deadline"), *id.* § 6.87 (collectively, the "Challenged Provisions").

Since Plaintiffs filed their Motion for a Temporary Restraining Order, new evidence has come to light due to the rapidly changing facts on the ground that make reconsideration of this Court's previous order appropriate, and that support Plaintiffs' request for a preliminary injunction of the Challenged Provisions. In particular, Plaintiffs are entitled to a preliminary injunction because they are substantially likely to succeed on the merits of their claim that the Challenged Provisions severely burden the rights of Wisconsin voters, deprive them of Equal Protection under the law, and deprive them of a liberty interest.

The United States is in the throes of an unprecedented crisis and, as COVID-19 spreads throughout the country, Wisconsinites are now subject to a "Safer-At-Home" Order, forcing them to socially distance themselves to try to slow the spread of the disease in a communal effort to save their friends, neighbors, and families, by reducing their access to commercial and public facilities, limiting their ability to leave their homes, and prohibiting most interactions with non-household members. Wisconsin voters—including thousands of Plaintiffs' members and constituents—should not also be forced to make the untenable choice between violating a statewide order and placing their safety and others in jeopardy to exercise their fundamental right to vote. Yet, the Challenged Provisions do just that, forcing some voters but not others to resort to in-person registration—or depriving them of any registration option whatsoever. Likewise, voters are forced to leave their homes to copy documents or obtain witness signatures. Moreover, the Challenged Provisions impose arbitrary deadlines that simply cannot be met in the current crisis.

If the Challenged Provisions are not enjoined during this unprecedented crisis, they will individually and collectively pose significant risks to voters seeking to exercise their right to vote in the upcoming April 7, 2020 election and in any election held while the crisis persists. Plaintiffs are also entitled to relief because they will suffer irreparable harm absent relief, and traditional

legal remedies will not adequately protect their rights. Further, the harm to Plaintiffs and Wisconsin voters outweighs any putative harm to the State, and the relief Plaintiffs seek is in the public interest.

For the foregoing reasons, and as set forth in the accompanying Brief in Support of Plaintiffs' Motion for Preliminary Injunction and Reconsideration of the Court's Ruling on the By-Mail Absentee Deadline and Documentation Requirements, as well as the accompanying Statement of Facts, exhibits, expert report, and declarations, the DNC and Democratic Party of Wisconsin respectfully request that this Court grant a Preliminary Injunction enjoining (1) enforcement of the March 18 by-mail voter registration deadline and extending it to April 3, (2) the requirement that new voter registrations include copies of proof of residency, (3) the requirement that absentee voters include a copy of voter identification with absentee ballot requests, (4) the requirement that absentee voters obtain a witness signature on their ballot, and (5) the rejection of ballots that are postmarked on or before Election Day and arrive at a polling place or municipal clerk's office within, at a minimum, ten days of Election Day and ballots that do not have a postmark or other marking from the United States Postal Service are presumed to have been mailed on or before Election Day.

Dated this 27th day of March, 2020.

Respectfully submitted,

/s/ *Bruce V. Spiva*
Marc E. Elias
John Devaney*
Bruce V. Spiva
Amanda R. Callais
Zachary J. Newkirk
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600

Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
jdevaney@perkinscoie.com
bspiva@perkinscoie.com
acallais@perkinscoie.com
znewkirk@perkinscoie.com

Charles G. Curtis, Jr.
Sopen B. Shah
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, Wisconsin 53703-3095
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
CCurtis@perkinscoie.com
SShah@perkinscoie.com

*Counsel for the Plaintiffs*
*\*Motion for Pro Hac Vice Forthcoming*