IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMOCRATIC NATIONAL COMMITTEE
and DEMOCRATIC PARTY OF WISCONSIN,

        Plaintiffs,

v.

MARGE BOSTELMANN, JULIE M. GLANCEY,
ANN S. JACOBS, DEAN KNUDSON, ROBERT
F. SPINDELL, JR. and MARK L. THOMSEN,

        Defendants,
and

REPUBLICAN NATIONAL COMMITTEE
and REPUBLICAN PARTY OF WISCONSIN,

        Intervening Defendants

OPINION AND ORDER

20-cv-249-wmc

---

In this case, the Democratic National Committee and the Democratic Party of Wisconsin (jointly, "the DNC/DPW") seek to enjoin defendants' enforcement of certain election laws, arguing that due to the COVID-19 public health emergency these laws impose unconstitutional burdens on citizens' right to vote in the upcoming April 7, 2020, primary election. Now, the Republican National Committee and the Republican Party of Wisconsin (jointly, "the RNC/RPW") have joined the Wisconsin Legislature in moving to intervene to defend enforcement of the challenged laws. (Dkts. #20, 41.) Plaintiffs oppose these motions. For the reasons set forth below, the court will deny the Wisconsin Legislature's motion, but will permit the RNC/RPW to intervene permissively. The Wisconsin Legislature and other, interested non-parties may continue to participate by filing timely amicus curiae briefs as this court attempts to resolve the difficult questions posed by this lawsuit consistent with Federal Rule of Civil Procedure 1.

BACKGROUND

On March 18, 2020, plaintiffs filed the present lawsuit, arguing that the spread of the novel coronavirus in the state of Wisconsin presents new and unprecedented problems for the upcoming April 7, 2020, election. In particular, plaintiffs point out that state and federal officials have both urged individuals to stay at home and out of public spaces as much as possible. In light of these concerns, plaintiffs requested emergency injunctive relief from this court, arguing that certain of Wisconsin's elections laws now impose undue burdens on citizens' right to exercise their voting franchise.

Plaintiffs named the six current members of the Wisconsin Election Commission as defendants. Initially, the defendants were represented by the Attorney General of Wisconsin. Two days ago, however, the Governor appointed special counsel to represent the defendants in this case under Wis. Stat. § 14.11(2)(a), and the three assistant attorneys general originally assigned to work on this case have moved to withdraw as counsel for defendants. (*See* dkts. #56, 57, 58.)

The day after the lawsuit was filed -- March 19, 2020 -- the Wisconsin Legislature filed a notice with the court expressing its intent to intervene. Later that afternoon, the court held a telephonic hearing with all parties, in which counsel for the Wisconsin Legislature was included as representative of a proposed intervenor. The next day, the court issued an order, granting in part plaintiffs' request for a temporary restraining order, and denying without prejudice the remainder of their motion. Shortly before the court issued this order, the RNC/RPW informed the court that they, too, intended to move to intervene as defendants in the suit; they then formally did so two days later on March 22,

2020.

The court held another telephonic hearing on March 23, 2020, at which plaintiffs, defendants, and all of the proposed intervenors were permitted to appear. At the hearing, the court set an expedited briefing schedule for both intervention motions, among other matters. Initially, both plaintiffs and defendants opposed the proposed interventions; however, defendants have since withdrawn their opposition. Having now received all briefing from the parties, the court will address both intervention motions in this opinion.

OPINION

**I. Motions to Withdraw as Attorneys**

As an initial matter, the court will address the three motions to withdraw filed by assistant attorneys general Brian P. Kennan (dkt. #56), Jody J. Schmelzer (dkt. #57), and S. Michael Murphy (dkt. #58). The ABA *Model Rules of Professional Conduct* provide that an attorney may withdraw from a case if "good cause for withdrawal exists." *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (citing *Model Rules of Professional Conduct*, Rule 1.16(b)(7)). Here, the Governor ordered that the attorneys be replaced by private counsel, which certainly constitutes "good cause." Although the Wisconsin Legislature questions the validity of the Governor's order under state law (*see* Wis. Legislature Reply (dkt. #71) 3), that issue is not before this court. Accordingly, the motions of the assistant attorneys general to withdraw as counsel will be granted.

**II. Motions to Intervene**

The proposed intervenors argue that they are entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) or, in the alternative, that permissive intervention under Rule 24(b) is warranted. Under the Rules of Civil Procedure, a court *must* permit intervention when: "(1) the application is timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (citing Fed. R. Civ. P. 24(a)(2)).

Plaintiffs and defendants primarily argue that the proposed intervenors cannot establish the fourth element -- adequacy of representation -- and so this court will begin its discussion there.[1] As an initial matter, the applicable standard of review as to this element must be determined. The Seventh Circuit has "recognized three standards for the adequacy of representation under Rule 24 depending on the context of each case." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 799 (7th Cir. 2019).

> The default rule is a liberal one: The requirement of the Rule is satisfied if the applicant shows that representation of his interest may be inadequate. Where the prospective intervenor and the named party have the same goal, however, there is a rebuttable presumption of adequate representation that requires a showing of some conflict to warrant intervention. This presumption of adequacy becomes even stronger when the

---

[1] Plaintiffs specifically note that they do *not* concede that the RNC/RPW have established the other elements, but explain that their "brief, prepared in the rush of events, focuses only on the most obvious reasons to deny both intervention of right and by permission." (Pls.' Opp'n to RNC/RPW Mot. to Intervene (dkt. #52) 3 n.3.)

> representative party is a governmental body charged by law with protecting the interests of the proposed intervenors; in such a situation the representative party is presumed to be an adequate representative unless there is a showing of gross negligence or bad faith.

*Id.*

As an initial matter, the default liberal standard is plainly inapplicable. Defendants and proposed intervenors currently share the same goal: to uphold the constitutionality of the challenged laws. *See Planned Parenthood*, 942 F.3d at 799 (holding that the defendants and the proposed intervenor shared the same goal where both sought "to uphold the constitutionality of the challenged statutes"); *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 659 (7th Cir. 2013) ("*WEAC*") (holding that defendant and proposed intervenor "share the same goal: protecting Act 10 against the Unions' constitutional challenge"). Thus far in the litigation at least, defendants have actively defended all of the challenged laws, and they have indicated that they will continue to do so. (Defs.' Opp'n (dkt. #51) 5-6.)

The proposed intervenors' arguments to the contrary are not persuasive. The RNC/RWP argue for the first time in their reply brief that they do not share the same goal as defendants, whose "broader interests" make them less likely to pursue an emergency appeal. (RNC/RWP Reply (dkt. #78) 4.)[2] Similarly, the Legislature couches its arguments in hypotheticals, writing that the liberal standard "may well" apply "if" the defendants

---

[2] In their initial brief, the RNC/RWP fail to even recognize the three standards applied in the Seventh Circuit, erroneously asserting instead (and concluding without citation) that they need only show that the representation "may be" inadequate. (RNC/RPW Mot. to Intervene (dkt. #42) 8.)

decline to defend some of the challenged laws or "if" defendants do not choose to pursue an appeal. (Wis. Legislature Br. (dkt. #21) 8.) Certainly, if defendants do fail to appeal any future decision, one or both of the proposed intervenors may well be entitled to intervene as of right. Indeed, in *Flying J., Inc. v. Van Hollen*, 578 F.3d 569 (7th Cir. 2009), the Seventh Circuit held that even a private association seeking to defend a challenged state statue was permitted to intervene as a matter of right where the state attorney general failed to appeal a court order enjoining enforcement of the statute. *Id.* at 573-74. But in that same case, the court also noted:

> Had the association sought to intervene earlier, its motion would doubtless (and properly) have been denied on the ground that the state's attorney general was defending the statute and that adding another defendant would simply complicate the litigation. For there was nothing to indicate that the attorney general was planning to throw the case -- until he did so by failing to appeal.

*Id.* at 572. So, too, here.

Having concluded that the default, liberal standard is inapplicable, the next question is whether the middle "some conflict" standard or the heighted "gross negligence or bad faith" standard apply. Certainly, if the Attorney General continued to represent defendants, the Seventh Circuit's decision in *Planned Parenthood*, upholding the application of the "gross negligence or bad faith" standard, would appear to control. 942 F.3d 793. There, the Wisconsin Legislature sought to intervene in a suit filed against the Attorney General and other state officials challenging the constitutionality of certain state abortion regulations. *Id.* at 796. The court held that, absent a showing that the Attorney General was acting with bad faith or gross negligence, the Wisconsin Legislature had not

6

demonstrated inadequate representation and was not entitled to intervene. *Id.*

However, the Attorney General no longer represents defendants, as the Governor has apparently ordered him to be substituted by private counsel. This is at least arguably significant because, while the "Attorney General of Wisconsin has the duty by statute to defend the constitutionality of state statutes," *Helgeland v. Wis. Municipalities*, 307 Wis.2d 1, 745 N.W.2d 1, 24 (2008), no such express statutory obligation would appear to exist for the defendants or their newly-appointed private counsel. Even so, the Wisconsin Election Commissioners are charged generally with the "administration" of election laws. *See* Wis. Stat. § 5.05(1). Accordingly, as members of the governmental body charged by law with administering the law that protect the interests of the proposed intervenors seek to be enforced their interests appear to be fully protected. In an abundance of caution, however, the court will not hold the proposed intervenors to this heightened "gross negligence or bad faith" standard, as even under the more lenient "some conflict" standard the propose intervenors have not demonstrated that they are entitled to intervene in this case.

Under the "some conflict" standard, a proposed intervenor must still overcome the presumption of adequate representation by showing "a concrete, substantive conflict." *Planned Parenthood*, 942 F.3d at 810 (Sykes, J., concurring). Here, both proposed intervenors have failed to do so. As noted already, the Legislature argues that "if" defendants do not fully defend the constitutionality of any of the challenged laws, then it would "plainly" show inadequate representation (Wis. Legislature Br. (dkt. #21) 9), but this mere hypothetical has obviously not yet come to pass. To the contrary, defendants

7

have and continue to actively and competently oppose plaintiffs' challenges. If anything, in no longer objecting to intervention by either group, the Commissioners seem to have taken a more favorable position to the proposed intervenors since the Attorney General withdrew its representation.

This leaves the proposed intervenors' joint argument that they do not share the same interests as defendants and, therefore, are inadequately represented. Specifically, the RNC/RPW note that defendants represent the "public interest," and have to consider the expense of defending state laws, the social and political divisiveness of elections issues, their own desires to remain politically popular, and the interests of opposing parties. (RNC/RPW Br. (dkt. #42) 7-8.) They contrast this with their "particular interests," including the election of particular candidates, the mobilization of particular voters, and the costs of both. (*Id.* at 8.) Similarly, the Legislature argues that the defendants only represent the views and interests of the Wisconsin Election Commission and not that of the state as a whole. (Wis. Legislature Reply (dkt. #71) 1.)

However, different political considerations held by the proposed intervenors and defendants are not sufficient by themselves to show inadequate representation. *See Am. Nat. Bank & Tr. Co. of Chicago v. City of Chicago*, 865 F.2d 144, 148 (7th Cir. 1989) (differing "political considerations" between City and prospective intervenor not enough to make requisite "concrete showing of inadequacy of representation"); *Keith v. Daley*, 764 F.2d 1265, 1270 (7th Cir. 1985) (proposed intervenor's different political and moral justifications for defending a statute regulating abortion did not create conflict sufficient to rebut presumption of adequate representation). Thus far, the proposed intervenors have

not shown that any of their divergent interests has resulted in "a concrete, substantive conflict," as is still required to overcome the "medium" presumption of adequate representation. *See Planned Parenthood*, 942 F.3d at 810 (Sykes, J., concurring).

The RNC/RPW also speculates that the replacement of the Attorney General with private counsel evinces a conflict, noting that the Governor may appoint special counsel to "act instead of the attorney general in any action or proceeding, if the attorney general is . . . interested adversely to the state." (RNC/RPW Reply (dkt. #78) 5 (citing Wis. Stat. § 14.11(2)(a)(2)). Interestingly, the Wisconsin Legislature takes the exact opposite interpretation of the Governor's actions, arguing that the Governor "believes that the Attorney General represents the State's sovereign interests." (Wis. Legislature Reply (dkt. #71) 3-4.) The speculative nature of these arguments belies any possible argument that the Governor's action evinces a concrete conflict, and they are accordingly rejected. *See Clorox Co. v. S.C. Johnson & Son, Inc.*, 627 F. Supp. 2d 954, 962 (E.D. Wis. 2009) (speculation that a defendant's interests "could conceivably differ" from proposed intervenor's was insufficient to demonstrate "that any current conflict exists"). If anything, the Attorney General's office substitution appears to be exactly what the statute requires: a recognition that it has a conflict with the position of the Commissioners, who are charged with administering the statutes as written, again the very position of the proposed

intervenors.[3]

Because neither the RNC/RPW nor the Wisconsin Legislature has demonstrated any "concrete conflict," they have not overcome the presumption of adequate representation, and therefore have failed to demonstrate that they are entitled to intervene as of right under Rule 24(a). However, this is not the end of the analysis, since the proposed intervenors alternatively argue that the court should allow them to intervene as a matter of discretion under Fed. R. Civ. P. 24(b), which provides that a court may permit an applicant to intervene in the exercise of its own discretion if: (1) the motion is timely and (2) the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion, "[t]he Rule requires the court to consider 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,' Fed. R. Civ. P. 24(b)(3), but otherwise does not cabin the district court's discretion." *Planned Parenthood*, 942 F.3d at 803.

Here, given that both the RNC/RPW's and the Wisconsin Legislature's motions to intervene were filed within mere days of the lawsuit, the motions are certainly timely. Moreover, there is no reasonable dispute that their proposed defense of the challenged laws shares common questions of law and fact with the main action.

---

[3] The Legislature suggests that, now that the Attorney General has withdrawn from the case, the state of Wisconsin "has the sovereign right to have at least *one* of its chosen representatives defend its laws." (Wis. Legislature Reply (dkt. #71) 4-5.) However, the Seventh Circuit in *Planned Parenthood* specifically declined the Legislature's request to lower its burden for it to intervene, 942 F.3d at 796, and without any compelling reason to do so here, the court will apply the standard as it would to any other party, especially since, by the Legislature's reasoning, it would then also have to allow the Governor and Attorney General to intervene as well should they wish to express their own unique position as representatives of the "state," only further complicating an already complicated lawsuit.

Still, a court may deny permissive intervention where "adding the proposed intervenors could unnecessarily complicate and delay all stages of this case." *One Wisconsin Inst., Inc. v. Nichol*, 310 F.R.D. 394, 399 (W.D. Wis. 2015); *see also United States v. 36.96 Acres of Land*, 754 F.2d 855, 860 (7th Cir. 1985) (upholding district court's denial of permissive intervention "in order to avoid the likelihood of undue delay and prejudice to the rights of the original parties" and to avoid prolonging "an already lengthy and tired lawsuit"). Here, where time is of the essence, the court will deny the Wisconsin Legislature's motion to intervene in an effort to expedite and not overly complicate the proceedings. *See* n.3 *supra.* Although the same is arguably true for the RNC/RPW, the court will nevertheless permit those entities to intervene as they are uniquely qualified to represent the "mirror-image" interests of the plaintiffs, as direct counterparts to the DNC/DPW. *See Builders Ass'n of Greater Chicago v. Chicago*, 170 F.R.D. 435, 441 (N.D. Ill. 1996) (permissive intervention is appropriate where "applicants' interest in the litigation is the mirror-image" of an original party's interest). Of course, if some new facts were to arise that established an actual conflict -- such as a decision by the current *or* intervening defendants not to appeal -- then the Wisconsin Legislature is welcome to renew its motion. Moreover, the court again emphasizes that the Wisconsin Legislature and other interested non-parties are free to offer their views as amici.

ORDER

IT IS ORDERED that:

1) The motions of the assistant attorneys general to withdraw as counsel (dkts. # 56, 57, 58) are GRANTED;

2) The Wisconsin Legislature's motion to intervene (dkt. #20) is DENIED; and

3) The Republican National Committee and the Republican Party of Wisconsin's motion to intervene as defendants (dkt. #41) is GRANTED.

Entered this 28 day of March, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge