IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMOCRATIC NATIONAL COMMITTEE
and DEMOCRATIC PARTY OF WISCONSIN,

        Plaintiffs,

v.

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.
and MARK L. THOMSEN,

        Defendants,

and

REPUBLICAN NATIONAL COMMITTEE
and REPUBLICAN PARTY OF WISCONSIN,

        Intervening Defendants

ORDER

20-cv-249-wmc

-----------------------------------------------------------------------------------------------------------------------

SYLVIA GEAR, MALEKEH K. HAKAMI, PATRICIA
GINTER, CLAIRE WHELAN, WISCONSIN ALLIANCE
FOR RETIRED AMERICANS and LEAGUE OF WOMEN
VOTERS OF WISCONSIN,

        Plaintiffs,

v.

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.,
MARK L. THOMSEN, and MEAGAN WOLFE,

        Defendants.

20-cv-278-wmc

-----------------------------------------------------------------------------------------------------------------------

REVERAND GREG LEWIS, SOULS TO THE
POLLS, VOCES DE LA FRONTERA, BLACK LEADERS
ORGANIZING FOR COMMUNITIES, AMERICAN
FEDERATION OF TEACHERS, LOCAL, 212, AFL-CIO,
SEIU WISCONSIN STATE COUNCIL and LEAGUE
OF WOMEN VOTERS OF WISCONSIN,

                     Plaintiffs,

v.                                                     20-cv-284-wmc

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.,
MARK L. THOMSEN, and MEAGAN WOLFE,

                     Defendants.

---

In the three above-captioned cases, plaintiff challenge a number of election-related requirements in light of the COVID-19 health crisis and the upcoming April 7, 2020, election. Defendants in all three cases are the Commissioners of the Wisconsin Election Commission ("WEC"); the latter two cases also name the WEC Administrator, Meagan Wolfe. Plaintiffs are a number of individuals and organizations concerned about the impact of COVID-19 on the ability of Wisconsin voters to exercise their right to vote either by absentee ballot or in person.

At the suggestion of a proposed intervenor, the court will exercise its discretion under Federal Rule of Civil Procedure 42(a) and consolidate these three cases for all purposes. The three cases involve overlapping claims concerning Wisconsin election requirements, and thus present common questions of law and fact and thus satisfy the requirement under Rule 42. Moreover, consolidation will facilitate the court's attempt to resolve emergency motions pending in the '249 and '284 cases.

The court notes that counsel for the plaintiffs is the same for the latter two cases

but the DNC and the Democratic Party of Wisconsin (the '249 case) have different counsel. At this point, the court will not appoint a lead plaintiff but expects plaintiffs' counsel to coordinate responses as much as possible.

In consolidating these actions, the court maintains the briefing schedules previously set in the '249 and '284 cases. Defendants' response to the motion for preliminary injunction in the '249 case remains due March 30, 2020; defendants' response to the motion for a temporary restraining order in the '284 case remains due March 31, 2020. Because of the overlapping issues raised in these two motions, defendants' response to the TRO should focus on the request to postpone the April 7 election. If necessary, the court will hold a hearing -- via videoconference, telephone, or perhaps, for a limited number of people, in person -- on Wednesday, April 1, 2020.

Accordingly, IT IS ORDERED that:

1) Case Nos. 20-cv-249, 20-cv-278 and 20-cv-284 are CONSOLIDATED for all purposes.

2) The parties are directed to file all submissions in the '249 case and they will automatically be docketed in the other cases.

Entered this 28th day of March, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge