IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMOCRATIC NATIONAL COMMITTEE
and DEMOCRATIC PARTY OF WISCONSIN,

        Plaintiffs,

v.

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.
and MARK L. THOMSEN,

        Defendants,

    and

REPUBLICAN NATIONAL COMMITTEE
and REPUBLICAN PARTY OF WISCONSIN,

        Intervening Defendants.

ORDER

20-cv-249-wmc

---

SYLVIA GEAR, MALEKEH K. HAKAMI, PATRICIA
GINTER, CLAIRE WHELAN, WISCONSIN ALLIANCE
FOR RETIRED AMERICANS and LEAGUE OF WOMEN
VOTERS OF WISCONSIN,

        Plaintiffs,

v.

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.,
MARK L. THOMSEN, and MEAGAN WOLFE,

        Defendants,

    and

REPUBLICAN NATIONAL COMMITTEE
and REPUBLICAN PARTY OF WISCONSIN,

        Intervening Defendants.

20-cv-278-wmc

---

REVERAND GREG LEWIS, SOULS TO THE
POLLS, VOCES DE LA FRONTERA, BLACK LEADERS
ORGANIZING FOR COMMUNITIES, AMERICAN
FEDERATION OF TEACHERS, LOCAL, 212, AFL-CIO,
SEIU WISCONSIN STATE COUNCIL and LEAGUE
OF WOMEN VOTERS OF WISCONSIN,

                Plaintiffs,

v.

                                                                        20-cv-284-wmc

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.,
MARK L. THOMSEN, and MEAGAN WOLFE,

                Defendants,

and

REPUBLICAN NATIONAL COMMITTEE
and REPUBLICAN PARTY OF WISCONSIN,

                Intervening Defendants.

---

      The court held a videoconference this afternoon with the parties in the three consolidated election-related cases. (Nos. 20-cv-249, 20-cv-278, 20-cv-284.) The parties appeared by counsel. As discussed during that conference and as set forth below, the court will hold an evidentiary hearing on plaintiffs' pending motions for preliminary injunction and temporary restraining orders by Zoom tomorrow afternoon at 1:00 p.m. The court will send invitations to counsel who will appear at the hearing tomorrow, limited to two attorneys per party. All other counsel of record for the parties, counsel for amici, amici themselves, and other interested persons will be able to call in and listen to the hearing. The court will provide a phone number for that call before the 1:00 hearing.

      By 10:00 a.m. tomorrow, April 1, 2020, the parties for all three consolidated cases should file the following in the '249 docket:

1) the names of one or two attorneys per party who will participate in tomorrow's hearing;

2) a list of any witnesses a party intends to call for cross-examination purposes, with the email address and phone number for those individuals;[1] and

3) all exhibits a party intends to put on screen tomorrow (as opposed to refer to by docket number) during examination or argument at the hearing (even if these exhibits have already been filed elsewhere on the dockets of one or more of the three cases), numbered as directed by the court at today's hearing.

With respect to witnesses, as the court explained during the conference, the court will accept all declarants' submissions as their direct testimony for purposes of tomorrow's hearing, provided that if requested by opposing counsel by 7:00 p.m.[2] today, the proponent of that declarant is made available for cross examination during the hearing. If any declarant cannot be produced at the hearing for cross-examination as requested, the proponent must provide by 10:00 a.m. tomorrow good cause in writing why their declaration should still be considered and, to the extent possible, offer a replacement who can support the assertions of the declarant. Similarly, if any witness is named who has not already provided a declaration or affidavit, then the party must provide in writing good cause for their being allowed to testify.

A couple of additional housekeeping notes. All other filings by the parties must be

---

[1] The parties may file personal contact information under seal if they would prefer not to make it public. If the witnesses do not have email addresses, the witnesses may appear by using the call-in information in the invitations that lead counsel will receive. Lead counsel, however, should <u>not</u> forward the call-in information to other attorneys or individuals who will not be allowed to speak tomorrow; instead, those individuals who would like to listen to the hearing should use the call-in information that will be provided tomorrow morning.

[2] The court extends this deadline slightly from what was provided during the hearing to accommodate the parties.

submitted by midnight tonight to be considered by the court for purposes of tomorrow's hearing. Court personnel will be admitting attorneys into the hearing based on the lists provided by the parties. Witnesses will be held outside of the hearing until they are called to testify. All counsel appearing in the hearing tomorrow will be given control of their individual microphone but should generally keep it on mute unless speaking.

Entered this 31st day of March, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge