IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMOCRATIC NATIONAL COMMITTEE, et al.,

        Plaintiffs,      Case No. 20- CV-249

v.

MARGE BOSTELMANN, et al.,

        Defendants,

  and

REPUBLICAN NATIONAL COMMITTEE,
REPUBLICAN PARTY OF WISCONSIN AND
WISCONSIN STATE LEGISLATURE,

        Intervening Defendants

---

SYLVIA GEAR, et al.,

        Plaintiffs,      Case No. 20- CV-278

v.

DEAN KNUDSON, et al

        Defendants,

  and

REPUBLICAN NATIONAL COMMITTEE,
REPUBLICAN PARTY OF WISCONSIN AND
WISCONSIN STATE LEGISLATURE,

        Intervening Defendants.

---

REVEREND GREG LEWIS, et al.,

                Plaintiffs,         Case No. 20- CV-284

v.

DEAN KNUDSON, et al.,

                Defendants.

    and

REPUBLICAN NATIONAL COMMITTEE,
REPUBLICAN PARTY OF WISCONSIN AND
WISCONSIN STATE LEGISLATURE,

                Intervening Defendants

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT IN 20-CV-249, *DNC et al. v. BOSTELMANN et al.*

Defendants Dean Knudson, Julie M. Glancey, Robert F. Spindell, Jr., Mark L. Thomsen, Ann S. Jacobs and Marge Bostelmann, by their undersigned counsel, answer the Amended Complaint in *DNC v. Bostelmann*, Case No. 20-cv-249 [Dkt. No. 55] as follows:

### NATURE OF THE CASE

1. Admit that the United States and Wisconsin are in the midst of a crisis related to COVID-19. Admit that part of the response to this crisis is social distancing. The Defendants lack sufficient information to admit or deny the rest of the allegations in this paragraph.

2

2. Admit that Governor Evers issued a "Safer-at-Home Order" on March 24. Affirmatively allege that this document speaks for itself.

3. Deny information sufficient to admit or deny the allegations in this paragraph.

4. Deny information sufficient to admit or deny the allegations in this paragraph.

5. Admit that absentee ballot requests and returns have exceeded previous records and that applications continued to increase from March 26, 2020. Deny information sufficient to admit or deny the rest of the allegations in this paragraph.

6. Deny.

7. Deny.

8. Admit that by-mail registration ended in Wisconsin on March 18, 2020 pursuant to Wis. Stat. § 6.28(1). Admit that historically many Wisconsin voters have registered on election day. Deny information sufficient to admit or deny the rest of the allegations in this paragraph.

9. Admit that Wis. Stat. § 6.34 requires new voters to provide a copy of their proof of residence to register. Deny information sufficient to admit or deny the rest of the allegations in this paragraph.

10. Admit that Wis. Stat. §§ 6.86 and 6.87 require a copy of a voter's photo identification to accompany a request for an absentee ballot. Affirmatively

allege that exceptions to these provisions exist. Deny information sufficient to admit or deny the rest of the allegations in this paragraph.

11. Deny information sufficient to admit or deny the allegations in this paragraph.

12. Admit that the Plaintiffs sought the relief listed. Deny information sufficient to admit or deny the rest of the allegations in this paragraph.

## JURISDICTION AND VENUE

13. Admit that Plaintiffs brought this action under 42 U.S.C. §§ 1983 and 1988.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

## PARTIES

18. Admit that Plaintiff the Democratic National Committee ("DNC") is a national committee, as that term is defined by and used in 52 U.S.C. § 30101, dedicated to electing local, state, and national candidates of the Democratic Party to public office throughout the United States. Admit that the DNC is charged with facilitating the Democratic presidential nominating process, which culminates in the 2020 Convention that will take place in Milwaukee, Wisconsin in July. Admit that the April 7, 2020 Spring Election is part of the presidential nominating process, and

Democratic voters in that election will make their selections for the Democratic presidential nominee. Otherwise, deny.

19. Admit that Plaintiff the Democratic Party of Wisconsin is a state committee, as defined by 52 U.S.C. § 30101(15), dedicated to electing candidates of the Democratic Party to public office throughout the State of Wisconsin. Otherwise, deny.

20. Admit that Plaintiffs had standing. Affirmatively allege that the claims brought are moot. Otherwise, deny.

21. Admit.

## STATEMENT OF FACTS AND LAW

### A. Wisconsin Registration and Absentee Laws

22. Admit.

23. This paragraph states a legal conclusion to which no response is required. Affirmatively allege that Wis. Stat. § 6.34 speaks for itself.

24. Admit.

25. Admit.

26. This paragraph states a legal conclusion to which no response is required. Affirmatively allege that Wis. Stat. § 6.86 (1)(a) speaks for itself.

27. This paragraph states a legal conclusion to which no response is required. Affirmatively allege that Wis. Stat. § 6.86 (1)(ac) speaks for itself.

28. This paragraph states a legal conclusion to which no response is required. Affirmatively allege that Wis. Stat. § 6.87 (6) speaks for itself. Further

5

allege that this paragraph is subject to the Court's Order of April 2, 2020 and is, therefore, moot.

**B. Coronavirus and the April 7, 2020 Election**

29. Admit.

30. Affirmatively allege that the Safer-at-Home Order speaks for itself. Otherwise, deny.

31. Deny information sufficient to admit or deny the allegations in this paragraph. Affirmatively allege that the Safer-at-Home Order speaks for itself.

32. Deny information sufficient to admit or deny the allegations in this paragraph. Affirmatively allege that the Safer-at-Home Order speaks for itself.

33. Deny information sufficient to admit or deny the allegations in this paragraph.

34. Admit that absentee ballot requests and returns have exceeded previous records and that applications continued to increase from March 26, 2020. Admit that the quotation in this paragraph is accurate. Deny information sufficient to admit or deny the rest of the allegations in this paragraph.

35. Deny.

36. Admit that thousands of voters typically register in person on election day. Deny information sufficient to admit or deny the rest of the allegations in this paragraph.

37. Deny information sufficient to admit or deny the allegations in this paragraph. Affirmatively allege that the Safer-at-Home Order and Wis. Stat. § 6.34 speak for themselves.

38. Deny information sufficient to admit or deny the allegations in this paragraph. Affirmatively allege that the Safer-at-Home Order and Wis. Stats. § 6.86 and 6.87 speak for themselves.

39. Deny information sufficient to admit or deny the allegations in this paragraph. Affirmatively allege that the Safer-at-Home Order and Wis. Stats. § 6.86 and 6.87 speak for themselves.

40. Deny information sufficient to admit or deny the allegations in this paragraph. Affirmatively allege that the Safer-at-Home Order and Wis. Stats. § 6.86 and 6.87 speak for themselves.

41. Deny information sufficient to admit or deny the allegations in this paragraph. Affirmatively allege that the Safer-at-Home Order and Wis. Stats. § 6.86 and 6.87 speak for themselves.

42. Deny information sufficient to admit or deny the allegations in this paragraph. Affirmatively allege that the Safer-at-Home Order and Wis. Stats. § 6.86 and 6.87 speak for themselves.

43. Deny.

44. Deny.

# CLAIMS FOR RELIEF

## COUNT I

**First and Fourteenth Amendments**
**U.S. Const. Amend. I and XIV, 42 U.S.C. §1983, 28 U.S.C. §§2201, 2202**
**Undue Burden on the Right to Vote**

45. Defendants reallege and incorporate by reference all prior responses of this Answer and the responses below.

46. This paragraph states a legal conclusion to which no response is required.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

## COUNT II

**Due Process**
**U.S. Const. Amend. XIV, 42 U.S.C. § 1983**
**Denial of Procedural Due Process**

52. Defendants reallege and incorporate by reference all prior responses of this Answer and the responses below.

53. This paragraph states a legal conclusion to which no response is required.

54. This paragraph states a legal conclusion to which no response is required.

55. This paragraph states a legal conclusion to which no response is required.

56. Deny.

57. Deny.

## COUNT III

### Equal Protection
### U.S. Const. Amend. XIV, 42 U.S.C. § 1983

58. Defendants reallege and incorporate by reference all prior responses of this Answer and the responses below.

59. This paragraph states a legal conclusion to which no response is required.

60. This paragraph states a legal conclusion to which no response is required.

61. Deny information sufficient to admit or deny the allegations in this paragraph.

62. Deny information sufficient to admit or deny the allegations in this paragraph.

63. Deny.

### PRAYER FOR RELIEF

The Defendants deny that Plaintiffs are entitled to the relief requested.

### AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim for which relief can be granted and should be dismissed.

2. The allegations and claims in the Amended Complaint and claims are moot.

Dated: 4/13/2020	LAWTON & CATES, S.C.

*Electronically signed by Daniel S. Lenz*
Dixon R. Gahnz, SBN: 1024367
Daniel S. Lenz, SBN: 1082058
Daniel P. Bach, SBN: 1005751
Terrence M. Polich, SBN: 1031375

345 W. Washington Avenue, Suite 201
P.O. Box 2965
Madison, WI 53701-2965
Phone: (608) 282-6200
Fax: (608) 282-6252
dgahnz@lawtoncates.com
dlenz@lawtoncates.com
dbach@lawtoncates.com
tpolich@lawtoncates.com