# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br>    Plaintiffs,<br> v.<br>MARGE BOSTELMANN, *et al.*,<br>    Defendants,<br> and<br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br>    Intervening Defendants. | Civil Action No. 3:20-cv-249-wmc |
| SYLVIA GEAR, *et. al.*,<br>    Plaintiffs,<br> v.<br>MARGE BOSTELMANN, *et al.*,<br>    Defendants,<br> and<br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br>    Intervening Defendants. | Civil Action No. 3:20-cv-278-wmc |
| REVEREND GREG LEWIS, *et al.*,<br>    Plaintiffs,<br> v.<br>MARGE BOSTELMANN, *et al.*,<br>    Defendants,<br> and<br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br>    Intervening Defendants. | Civil Action No. 3:20-cv-284-wmc |

**MOTION OF PLAINTIFFS DEMOCRATIC NATIONAL COMMITTEE AND DEMOCRATIC PARTY OF WISCONSIN FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Democratic National Committee and Democratic Party of Wisconsin, pursuant to Fed. R. Civ. P. 15(a)(2), respectfully move this Court for leave to file the accompanying Second Amended Complaint for Declaratory and Injunctive Relief against defendants Marge Bostelmann, Julie M. Glancy, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr., and Mark L. Thomsen, all sued in their official capacities as members of the Wisconsin Elections Commission, and against intervening defendants Republican National Committee, Republican Party of Wisconsin, and Wisconsin Legislature. "The court should freely give leave [to amend] when justice so requires," *id.*, and justice so requires in this case.

**BACKGROUND**

Plaintiffs filed their original complaint in this case just over six weeks ago, on March 18, 2020, challenging multiple provisions of Wisconsin law that are preventing Wisconsin citizens from fully exercising their constitutional right to vote in the midst of the COVID-19 pandemic. ECF No. 1. Plaintiffs also filed a motion for a temporary restraining order and preliminary injunction focused on the upcoming April 7 election, which this Court granted in part and denied in part (without prejudice) on March 20. ECF No. 37. Plaintiffs then filed an amended complaint as of right on March 26, followed by another motion for preliminary injunction on March 27, also focused on the April 7 election. ECF Nos. 55, 61.

Although this Court on April 2 denied plaintiffs' March 27 motion in some respects (without prejudice), in other respects it granted important relief that enabled tens of thousands of voters to register and cast their ballots. And although the Court's preliminary injunction was further narrowed on appeal by the U.S. Court of Appeals for the Seventh Circuit and the Supreme Court, one of the most important parts of this Court's injunctive relief survived intact: the Court's order enjoining defendants "from enforcing the requirement under Wis. Stat. § 6.87(6) that

absentee ballots must be received by 8:00 p.m. on election day to be counted," and extending that deadline for receipt of absentee ballots by six days, provided that such ballots were mailed and postmarked on or before election day. *See Democratic Nat'l Comm. v. Bostelmann*, Civ. No. 20-cv-249-wmc, 2020 WL 1638374, at *22 (W.D. Wis. Apr. 2, 2020), *clarified*, ECF No. 122 (W.D. Wis. Apr. 3, 2020), *stayed in part sub nom. Democratic Nat'l Comm. v. Republican Nat'l Comm.*, Nos. 20-1538 & 20-1546 (7th Cir. Apr. 3, 2020), *stayed in part*, No. 19A1016, 140 S. Ct. 1205 (2020). The defendants and intervening defendants did not challenge this extension of the ballot-receipt deadline, and the Supreme Court relied on this extension in denying "an additional extension, which would allow voters to mail their ballots after election day." 140 S. Ct. at 1208. This Court's order extending the ballot-receipt deadline from April 7 to April 13 appears to have resulted in over 142,000 Wisconsin citizens being able to cast their absentee ballots by election day and have those ballots counted, thereby avoiding the need to vote in-person and risk exposure to the COVID-19 virus. *See* Second Amended Compl. (SAC) ¶ 5 & n.11.

Despite this Court's important relief, the way in which Wisconsin's April 7 election was conducted has been widely condemned as a voting rights and public health fiasco, as detailed at length in the accompanying Second Amended Complaint at ¶¶ 1-3, 34-74. Thousands of Wisconsin citizens were forced to stand in long lines for hours in order to cast their ballots, many wearing masks, gloves, and other protective gear as they congregated together to vote in the midst of the worst pandemic in over a century. As of April 28, 52 in-person voters and poll workers already had tested positive for COVID-19 statewide. *Id.* ¶ 3 & n.10. There also were critical breakdowns in Wisconsin's absentee-voting process, with thousands of voters never even receiving their requested ballots in time to vote by election day, thus forcing them either to go to the polls during the pandemic and risk exposure to the COVID-19 virus or be disenfranchised

3

altogether. Nearly 12,000 absentee ballots that were received and returned were rejected for having "insufficient" witness certifications, and nearly 4,700 more were rejected because they were not received by election officials until after the April 13 deadline for receipt.[1] One investigation "into Wisconsin's missing ballot crisis reveals a system leaking from all sides," including through "[i]nadequate computer systems, overwhelmed clerks and misleading ballot information [that] hampered Wisconsin's historic—and historically troubling—spring election."[2]

Now that the April 7 election has passed, intervening defendant Wisconsin Legislature (but not the defendants or other intervening defendants) has moved to dismiss plaintiffs' amended complaint (ECF No. 55) in its entirety, arguing (1) "the *DNC* Plaintiffs' claims in their Amended Complaint are now moot, since the April 7, 2020 Spring Election 'ha[s] come and gone by,'" and (2) dismissal is required on "*Burford* abstention grounds," named after *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). ECF No. 197 at 1, 3 (citation omitted). As this Court will recall, but as the Legislature does not acknowledge, the Court already has once rejected the Legislature's *Burford* abstention arguments in the leadup to the April 7 election. *See Democratic Nat'l Comm. v. Bostelmann,* No. 20-cv-249-wmc, 2020 WL 1320819, at **7-8 n.12 (W.D. Wis. Mar. 20, 2020) ("*Burford* abstention is not an appropriate reason to duck this court's obligation to protect voters' rights").

---

[1] J.R. Ross, *22,820 Wisconsin absentee ballots were rejected for various reasons*, WISN 1130 (Apr. 18, 2020), https://newstalk1130.iheart.com/content/2020-04-18-22820-wisconsin-absentee-ballots-were-rejected-for-various-reasons/.

[2] Daphne Chen *et al.*, *'They should have done something': Broad failures fueled Wisconsin's absentee ballot crisis, investigation shows*, Milwaukee J. Sentinel (Apr. 21, 2020), https://www.jsonline.com/story/news/2020/04/21/wisconsin-absentee-ballot-crisis-fueled-multiple-failures/5156825002/ The investigation was conducted by the Milwaukee Journal Sentinel, the PBS series FRONTLINE, and Columbia Journalism Investigations.

**ARGUMENT**

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." That means a court should "freely" allow amendment *unless* there is "some reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519, 522 (7th Cir. 2015); *see also Holder v. Fraser Shipyards, Inc.*, 288 F. Supp. 3d 911, 933 (W.D. Wis. 2018) ("district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile") (citations omitted). Plaintiffs will first explain the purpose of their proposed amendments, and then demonstrate that *none* of these potential grounds for denying leave to amend apply in this case, which was only first filed slightly more than six weeks ago.

**The Legislature's mootness argument.** Although the now-infamous April 7 Spring Election has passed, several more elections will be held in Wisconsin in 2020, culminating in the November 3 General and Presidential Election. Yet the Legislature contends this case should now be dismissed in its entirety because it is moot, claiming that plaintiffs have "alleged constitutional violations *only* with respect to this [April 7] Spring Election," and have "challenged election laws … *only for this past Spring Election*." ECF No. 197 at 3 (emphasis in original). Put another way, the Legislature claims that plaintiffs "have not specifically challenged the application of the relevant election laws here to any specific election in the future." *Id.* at 5.

The Legislature's claims are false, and the exact opposite of what the plaintiffs' pleadings actually say. Plaintiffs' original and amended complaints clearly and repeatedly ask for injunctive relief both with respect to the April 7 election and for "***any election that occurs while this crisis continues***." ECF No. 55 ¶ 7 (emphasis added); *see id*. at 19, pts. C-E (asking for various injunctive

5

relief to extend "***until the COVID-19 crisis is over***") (emphasis added); *see also id*. ¶ 44 (seeking injunctive relief for "the upcoming April 7, 2020 [election], ***as well as other elections taking place during the COVID-19 crisis***") (emphasis added).

Although the present amended complaint (ECF No. 55) should be more than sufficient to withstand the Legislature's contrived mootness challenge, plaintiffs' proposed Second Amended Complaint specifies in even more unmistakable terms that plaintiffs have always sought, and continue to seek, injunctive relief applicable to any and all elections—up to and including the November 3, 2020 General and Presidential Election—that are held while the COVID-19 crisis continues in Wisconsin and until that crisis is over. *See* SAC ¶¶ 6, 8, 33, 45-46, 67, 90, 97. That should dispose of the Legislature's mootness defense. Contrary to the Legislature's argument, the "capable of repetition, yet evading review exception to mootness" (ECF No. 197 at 4) does not apply because plaintiffs are seeking prospective relief relevant to upcoming elections in Wisconsin over the next six months. Plaintiffs are not seeking to establish liability because of past elections, but to enjoin *prospective* harms because of how the challenged statutes are likely to impact the *upcoming* elections in 2020.

The Legislature appears to argue "there is no 'reasonable expectation'" that the pandemic will affect these remaining 2020 elections, ECF No. 197 at 5 (citation omitted), which is squarely refuted by the public health evidence and in any event is a question of fact not suitable for resolution at the pleadings stage. *See* SAC ¶ 31 (warning by Director of Centers for Disease Control of a potential second and even deadlier wave of COVID-19 this fall). And the Legislature's attempt to use mootness doctrine to force plaintiffs to litigate their *federal* constitutional voting rights claims "before the state courts or the Wisconsin Elections Commission," ECF No. 197 at 5, is simply an attempt to cloak their *Burford* abstention arguments

in mootness garb. As emphasized in the *Burford* discussion below, federal constitutional claims are entitled to be litigated in federal court. *See infra* at 9-10.[3]

**Incorporation of new facts and law.** Plaintiffs have substantially revised and expanded their previous amended complaint to account for all of the factual and legal developments since that pleading was filed on March 26, especially the April 7 Spring Election itself, the litigation surrounding it, and the many constitutional flaws regarding the conduct and consequences of that election. The intervening defendants argued in March that many of plaintiffs' concerns were remote, speculative, and unfounded; the Second Amended Complaint demonstrates otherwise. The new pleading alleges in more specific detail how the challenged provisions operate to interfere unduly with voting. It also fine-tunes plaintiffs' claims and requested relief to take account of the rulings over the past month by this Court, the Seventh Circuit, and the Supreme Court. Plaintiffs continue to challenge all of the same statutory provisions as before, but have amended and in some instances narrowed those challenges in light of intervening facts and judicial decisions.

**Additional requested relief.** Plaintiffs' proposed Second Amended Complaint adds an additional challenge growing directly out of how the April 7 election was conducted: defendants' failure to provide sufficient financial, personnel, and other resources to ensure an adequate number

---

[3] The Legislature's reliance (at ECF No. 197 at 2-3, 5) on *Tobin for Governor v. Ill. State Bd. of Elections,* 268 F.3d 517 (7th Cir. 2001), is far off base. That case involved a claim that the state elections board had violated the federal constitution in a just-concluded election by refusing to certify and place on the ballot the Libertarian Party's slate of candidates as the result of the board's allegedly illegal striking of thousands of signatures from the party's nominating petition. The Seventh Circuit held that plaintiffs' claim for "declaratory relief" was moot because it did *not* involve a challenge to "any statutory provision that will continue to operate past the [just-concluded] election," but instead was a challenge to the procedural fairness of "a one-time decision" rejecting a specific nominating petition in a now-concluded election. *Id.* at 529. This case is just the opposite—it challenges the continuing application of specific statutes in elections to be held over the next six months, and seeks to require defendants to undertake certain actions *in those upcoming elections. Tobin for Governor* is a poor choice of supporting precedent.

7

of early in-person absentee voting sites and election-day polling places throughout the State to accommodate in-person voters in a safe and secure manner. *See* SAC ¶¶ 7, 9, 83. This is not a new count, but bolsters the three existing counts (*Anderson/Burdick*, due process, and equal protection). Although Wisconsin has delegated its authority to "establish[]" polling places to local governing bodies, Wis. Stats. § 5.25(2), the State cannot delegate its duty to ensure safe and sufficient in-person registration and voting facilities for all voters throughout the State. The defendants bear the statutory "responsibility for the administration of" Wisconsin's election laws, Wis. Stat. § 5.05(1), which at minimum requires defendants to develop and implement plans to coordinate available state, local, and private resources to ensure that all voters throughout the State are able to cast early in-person absentee votes and to vote in-person on election day in a safe and secure manner.

Turning to the Rule 15(a)(2) analysis, none of the reasons this Court has identified for potentially denying leave to amend—"undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile"— applies to these plaintiffs or the proposed Second Amended Complaint. *Holder*, 288 F. Supp. 3d at 933. This litigation is only slightly more than six weeks old, and plaintiffs are seeking leave to amend less than three weeks following the April 7 election, so there can be no credible claim here of undue delay. The Court has not yet set a trial date or pretrial schedule, and discovery has not yet even commenced, so there can be no genuine claim of undue prejudice. Nor can plaintiffs fairly be accused of bad faith, dilatory motive, or repeated failures to cure deficiencies.

That leaves the possible claim of "futility" of amendment. The only grounds for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) that the Legislature has identified are (1) mootness, and (2) *Burford* abstention. *See* ECF No. 197. Under the Legislature's theory that this case is

moot because the April 7 election has passed, the Second Amended Complaint is hardly futile, but necessary to seek relief in the remaining 2020 Wisconsin elections. As shown above, plaintiffs' challenges in their prior pleadings clearly are not moot, and the Second Amended Complaint makes that even plainer than it already was.

As for *Burford*, it is an entirely *discretionary* doctrine—in certain "narrow" and "extraordinary circumstances," a district court has the discretion, but not the obligation, to dismiss a federal case where it unduly interferes with "complex state administrative processes." *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 727 (1996).[4] There is no way a federal claim in federal court can be deemed to be "futile" at the leave-to-amend stage simply because the Court *might*, after full consideration, decide to exercise its "narrow" discretion under *Burford* to abstain.

Moreover, this Court already *has* decided that "*Burford* abstention is not an appropriate reason to duck this court's obligation to protect voters' rights." 2020 WL 1320819, at \*\*7-8 n.12. Far from explaining why the Court should reach a different decision this time around, the Legislature does not even acknowledge the Court's prior rejection of *Burford*. In any event, this is precisely the type of case in which the "strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court" outweighs any alleged countervailing state interests. *Quackenbush*, 517 U.S. at 728. "[T]he federal issues in this case eclipse any state issues

---

[4] Just because a State has an administrative process like the WEC's regulation of elections does not suggest that federal abstention is appropriate. "While *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 362 (1989); *see also Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 504 (7th Cir. 2011) ("the mere existence of a statewide regulatory regime is not sufficient" for *Burford* to apply).

that might arise." *Hammer v. U.S. Dep't of Health & Human Servs.*, 905 F.3d 517, 532 (7th Cir. 2018). Where the issue is a State's "adherence" to federal constitutional requirements regarding voting rights, "*Burford* abstention is inapplicable." *Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1136 (7th Cir. 1981) (reapportionment claim). Courts repeatedly have held that *Burford* abstention is inappropriate when federal voting rights are at issue. *See, e.g., Harman v. Forssenius*, 380 U.S. 528, 537 (1965); *Siegel v. LePore*, 234 F.3d 1163, 1174 (11th Cir. 2000) ("voting rights cases are particularly inappropriate for abstention"); *Duncan v. Poythress*, 657 F.2d 691, 699 (5th Cir. 1981) (abstention inappropriate where the issue was "nothing less than the fundamental right to vote"); *Bogaert v. Land*, 675 F. Supp. 2d 742, 747 (W.D. Mich. 2009) (citing additional cases holding that *Burford* abstention is "wholly inapplicable" to federal constitutional challenges to state election laws).

## CONCLUSION

Because the interests of justice favor leave to amend, this Court should grant plaintiffs' motion and order that the accompanying Second Amended Complaint be accepted for filing.

Dated this 30th day of April, 2020.

Respectfully submitted,

/s/ *John Devaney*
Marc E. Elias
John Devaney
Bruce V. Spiva
Amanda R. Callais
Zachary J. Newkirk
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
jdevaney@perkinscoie.com
bspiva@perkinscoie.com
acallais@perkinscoie.com
znewkirk@perkinscoie.com

Charles G. Curtis, Jr.
Sopen B. Shah
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, Wisconsin 53703-3095
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
CCurtis@perkinscoie.com
SShah@perkinscoie.com

*Counsel for the Plaintiffs*