IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMOCRATIC NATIONAL COMMITTEE
and DEMOCRATIC PARTY OF WISCONSIN,

      Plaintiffs,

   v.                                                                              20-cv-249-wmc

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.
and MARK L. THOMSEN,

      Defendants,

and

REPUBLICAN NATIONAL COMMITTEE
and REPUBLICAN PARTY OF WISCONSIN,

      Intervening Defendants.

---

SYLVIA GEAR, CLAIRE WHELAN, WISCONSIN
ALLIANCE FOR RETIRED AMERICANS, LEAGUE
OF WOMEN VOTERS OF WISCONSIN, KATHERINE
KOHLBECK, DIANE FERGOT, GARY FERGOT,
BONIBET BAHR OLSAN, SHEILA JOZWIK, and
GREGG JOZWIK,

      Plaintiffs,

   v.                                                                              20-cv-278-wmc

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.,
MARK L. THOMSEN, and MEAGAN WOLFE,

      Defendants.

---

CHRYSTAL EDWARDS, TERRON EDWARDS, JOHN
JACOBSON, CATHERINE COOPER, KILEIGH HANNAH,
KRISTOPHER ROWE, KATIE ROWE, CHARLES DENNERT,
JEAN ACKERMAN, WILLIAM LASKE, JAN GRAVELINE,

TODD GRAVELINE, ANGELA WEST, DOUGLAS WEST,
and all others similarly situated,

    Plaintiffs,

    v.                                                                                                  20-cv-340-wmc

ROBIN VOS, SCOTT FITZGERALD, WISCONSIN STATE
ASSEMBLY, WISCONSIN STATE SENATE, WISCONSIN
ELECTIONS COMMISSION, MARGE BOSTELMANN,
JULIE M. GLANCEY, ANN S. JACOBS, DEAN KNUDSON,
ROBERT F. SPINDELL, JR., MARK L. THOMSEN, and
MEAGAN WOLFE,

    Defendants.

---

JILL SWENSON, MELODY McCURTIS, MARIA NELSON,
BLACK LEADERS ORGANIZING FOR COMMUNITIES,
DISABILITY RIGHTS WISCONSIN

    Plaintiffs,

    v.                                                                                                  20-cv-459-wmc

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.,
MARK L. THOMSEN, and MEAGAN WOLFE,

    Defendants.

---

### *GEAR v. BOSTELMANN*, 20-CV-278, PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

In accordance with Federal Rule of Civil Procedure 65 and this Court's procedure for motions seeking a preliminary injunction, Plaintiffs League of Women Voters of Wisconsin ("LWVWI"), Wisconsin Alliance for Retired Americans ("Wisconsin Alliance"), Katherine Kohlbeck, Diane Fergot, Gary Fergot, Bonibet Bahr Olsan, Sheila Jozwik, Gregg Jozwik, Claire Whelan, and Sylvia Gear (collectively, the "*Gear* Plaintiffs") respectfully move this Court for preliminary injunctive relief. In support of this motion, and as more thoroughly set forth and

2

supported in the accompanying Brief, Declarations, and Statement of Proposed Facts, the *Gear* Plaintiffs state as follows:

1.  The Covid-19 pandemic has changed the way we vote. Even consistently-applied safety measures cannot make indoor places where people congregate—polling places among them—substantially safe. With the disease spreading exponentially once again, there is every reason to believe that the danger to voters will be real and substantial in the fall.

2.  Due to the pandemic, in the April 7 election, nearly 62 percent of Wisconsin's electorate chose to vote by mail. This unprecedented demand for mail-in voting strained and then broke the systems by which absentee ballots are prepared and delivered to voters. At least thousands of voters, including six of the Plaintiffs in this action, never received their timely-requested ballots in the mail, because of administrative overload at municipal clerks' offices, still-unexplained U.S. Postal Service ("USPS") delivery failures, and even a software update glitch. Wisconsin's municipal clerks' offices were barely able to keep up with one million mail-in absentee ballot requests, even as they worked overtime and, in desperation, enlisted other city departments' employees. If this year's turnout is comparable to the level seen in the 2016 presidential election, the state will face 1.8 to 2 million mail-in absentee ballot requests for the November general election.

3.  To protect the rights of Plaintiffs, their constituents and members, and Wisconsin voters generally under the U.S. Constitution and the Americans with Disabilities Act of 1990 ("ADA"), the Court should issue an order adopting certain specific voting procedures that Plaintiffs will demonstrate are necessary as a fail-safe to prevent a repeat of the mass disenfranchisement of absentee voters that occurred in the April 7 election. Plaintiffs offer three options to provide a fail-safe plan for voters who do not receive a requested absentee ballot in the mail. All three of these options would still require that the voter to first request a ballot by mail

delivery and only use one of these options as a fail-safe; further, the voted replacement ballot must be mailed in or dropped off. A remedy would simply give Plaintiffs a back-up plan so they can still vote.

4. The best option is to extend the existing availability of the online access and download option through the myvote.wi.gov (hereinafter, "MyVote") portal from just overseas civilian and military voters to domestic civilian voters who do not receive a requested absentee ballot in the mail, putting a full *replacement* mail-in ballot in the hands of voters who do not receive one in the mail. Another option would allow email delivery of replacement mail-in absentee ballots. Up until the Seventh Circuit's decision last week, email delivery was an option for regular absentee voters, though it was discretionary for clerks to offer it and only offered sporadically across and within municipalities. The final fail-safe option that this Court could afford to regular absentee voters who do not receive a requested ballot in the mail is the ability to cast a Federal Write-In Absentee Ballot ("FWAB"). Wisconsin already accepts and processes the FWAB for overseas civilian and military voters, even if they have not previously requested a ballot be delivered by mail.

5. As fail-safe options, Defendants would only need to make these alternatives available to voters who have previously requested a mail-in absentee ballot, and only in the last week or even just the last few days before Election Day. These limitations ensure the numbers of voters exercising these options are manageable.

6. The Organizational Plaintiffs LWVWI and Wisconsin Alliance press their challenge to the witness requirement and request that the Court permit voters to use alternatives to it. This requirement has such minimal value to law enforcement that it cannot justify forcing voters to take unreasonable steps to secure a witness. There are alternatives, some suggested by the

4

Seventh Circuit panel in April, and they can and should be ordered as alternatives for Wisconsin voters, particularly those at higher risk from Covid-19.

7. Plaintiffs are likely to succeed on the merits of their First and Fourteenth Amendment *Anderson/Burdick* claims. The failure to prepare and deliver absentee mail-in ballots timely or at all constitutes a complete denial of a voter's constitutional right to cast a ballot, where voters cannot safely vote in person due to the Covid-19 pandemic. Accordingly, the burden on the right to vote is severe, and the state has no legitimate interest in disenfranchising a voter who does not timely receive their timely-requested absentee ballot in the mail. Since in-person voting would pose a severe risk to many voters' health, bodily integrity, and lives, that option is simply not a viable choice. Further, the witness requirement for mail-in absentee ballots has become unduly burdensome because of the Covid-19 pandemic, and LWVWI and Wisconsin Alliance have been forced and will continue to be forced to divert substantial resources, time, effort, and money to helping and educating voters who are struggling to comply with this unconstitutional requirement. The prevention of voter fraud is an important regulatory interest of Defendants, but any law designed to prevent voter fraud must be balance against the burdens it imposes. Here, the witness requirement is not an effective, reasonable tool to safeguard election integrity and, therefore, the state's interest is greatly attenuated and outweighed by the burdens imposed on LWVWI and Wisconsin Alliance.

8. Plaintiffs are also likely to prevail on their unconstitutional conditions doctrine claim. The failure to provide fail-safe options to absentee voters who do not receive their ballots in the mail and the witness requirement are both unconstitutional because they require voters to forfeit their fundamental right to bodily integrity as a condition of exercising their right to vote. Such state coercion violates the unconstitutional conditions doctrine. Because Wisconsin law bars regular absentee voters from online access and downloading or email delivery options for absentee

voting, Wis. Stat. § 6.87(3)(d), bars regular voters from casting a FWAB, and requires at-risk absentee voters who live alone to satisfy a witness requirement during this pandemic, Defendants place unconstitutional conditions on the right to vote that coerce Plaintiffs into forfeiting their right to bodily integrity.

9. Plaintiffs are also likely to succeed on the merits of their ADA Claim. Several plaintiffs here have health conditions that limit major life activities, thereby placing them under the ADA's protections and requiring Wisconsin election officials to make reasonable accommodations so that they can participate in the November General Election.

10. In addition to their likelihood of success on the merits, Plaintiffs meet all of the other equitable requirements for entry of a preliminary injunction. More specifically, absent relief from this Court, Plaintiffs are certain to suffer irreparable harm because there is no way to regain one's right to vote after an election is held. Once the election is held and the results are certified, the injury to these voters' constitutional rights will of course be irreparable. There is no adequate remedy at law—no damages—that can make a disenfranchised voter whole. In addition, the LWVWI and the Wisconsin Alliance will both be irreparably harmed because their members will be disenfranchised, and because both organizations have diverted resources to try to assist voters with voting absentee under these circumstances.

11. The balance of hardships militates strongly in favor of an injunction. The administrative aspects of extending existing election infrastructure to provide a fail-safe for domestic civilian voters does not outweigh the hardship to voters in the absence of any back-up plan if they do not receive their ballots and cannot vote safely at a polling place. If the Court fails to grant a preliminary injunction in this case, thousands of Wisconsinites will be unable to cast a ballot that counts, in light of the interaction between Wisconsin's voting laws and the Covid-19 pandemic.

12. A preliminary injunction to prevent the disenfranchisement of countless mail-in absentee voters would serve the public interest by vindicating constitutional and statutory rights and ensuring that the integrity and legitimacy of Wisconsin elections is not undermined or destroyed by the unconstitutional and unconscionable failure to allow voters who are at higher risk from Covid-19 to cast a ballot that counts.

13. Plaintiffs respectfully request that the Court enter an order granting the following relief with respect to the November 4, 2020 general election:

(a) Declare that the lack of a fail-safe option for voters who previously and timely requested a mail-in absentee ballot by mail delivery but who do not receive that ballot in the mail in time to cast it such that it will be counted in the November general election, and Wis. Stat. § 6.87(3)(d), which restricts electronic access and downloading, as well as email delivery, of mail-in absentee ballots to military and overseas voters, violate the First and Fourteenth Amendments to the U.S. Constitution and Title II of the Americans with Disabilities Act, as enforced through 42 U.S.C. § 1983;

(b) Preliminarily enjoining Wis. Stat. § 6.87(3)(d), which restricts to military and overseas voters the ability to electronically access and download mail-in absentee ballots and the ability to receive an absentee ballot by email delivery;

(c) To remedy the constitutional and federal statutory violations caused by the lack of a fail-safe option for voters who previously and timely requested a mail-in absentee ballot by mail delivery but who do not receive that ballot in the mail, for the November general election, order:

> 1. Defendants to permit voters who previously and timely requested a mail-in absentee ballot by mail delivery but who do not receive that ballot in the mail in time to timely cast it, to request via email, myvote.wi.gov, or Form EL-121, the statewide uniform absentee ballot application, that a mail-in absentee ballot and its

certificate envelope be made available to such voters for online access and downloading, e.g. through myvote.wi.gov, and/or emailed to such voters;

2.     Defendants to make mail-in absentee ballots available for online access and downloading, e.g. through myvote.wi.gov, and/or email mail-in absentee ballots, upon request via email, myvote.wi.gov, or Form EL-121, the statewide uniform absentee ballot application, to voters who previously and timely requested a mail-in absentee ballot by mail delivery but who do not receive that ballot in the mail;

3.     Defendants to process and count mail-in absentee ballots that were accessed online and downloaded, e.g. through myvote.wi.gov, and/or emailed to voters that are timely returned in any way permitted under Wisconsin law or court orders by voters who previously and timely requested a mail-in absentee ballot by mail delivery but do not receive that ballot in the mail; and

4.     Preliminary injunctive relief prohibiting Defendants from rejecting and/or refusing to count mail-in absentee ballots that were accessed online and downloaded, e.g. through myvote.wi.gov, and/or emailed to voters that are timely returned in any way permitted under Wisconsin law or court orders by voters who previously and timely requested a mail-in absentee ballot by mail delivery but do not receive that ballot in the mail;

(d) In the alternative or in addition to the relief outlined in subsection (c), for the November general election, order:

1.     Defendants to permit voters who previously and timely requested an absentee ballot by mail delivery, to download, vote, and return in any way permitted under Wisconsin law or court orders the Federal Write-in Absentee Ballot;

      2.      Defendants to process and count Federal Write-in Absentee Ballots that are timely returned in any way permitted under Wisconsin law or court orders by voters who previously and timely requested a mail-in absentee ballot by mail delivery; and

      3.      Preliminary injunctive relief prohibiting Defendants from rejecting and/or refusing to count Federal Write-in Absentee Ballots cast by voters who previously and timely requested a mail-in absentee ballot by mail delivery and that are timely returned in any way permitted under Wisconsin law or court orders, but only if they are postmarked or dropped off at a municipal clerk's office on or after the seventh day before Election Day through the deadline for returning absentee ballots;

(e) Declare that Wis. Stat. § 6.87(4)(b)1. violates, in part, the First and Fourteenth Amendments to the U.S. Constitution and Title II of the Americans with Disabilities Act, as enforced through 42 U.S.C. § 1983, for the November general election;

(f) To remedy the constitutional and federal statutory violations caused by enforcement of the witness requirement, Wis. Stat. § 6.87(4)(b)1., without reasonable modification during the course of the COVID-19 pandemic, preliminarily enjoin Defendants from enforcing Wis. Stat. § 6.87(4)(b)1., in part, for the November general election and from rejecting and/or refusing to process and count an absentee mail-in ballot cast in the November general election on the basis that it lacks a witness signature on the certificate envelope, if the mail-in absentee voter signs a certification on the absentee ballot certificate envelope or on a pre-printed insert to be enclosed with the absentee ballot, that affirms that the voter was unable to safely obtain a witness certification through reasonable efforts, provided that the ballot is otherwise valid;

(g) In the alternative or in addition to the relief outlined in subsection (f), preliminarily enjoin Defendants from enforcing Wis. Stat. § 6.87(4)(b)1., in part, for the November general

election and from rejecting and/or refusing to process and count an absentee mail-in ballot cast in the November general election on the basis that it lacks a witness signature on the certificate envelope, if the witness observes the voter casting the ballot remotely, *e.g.* by videoconference or through a glass window, and the voter records in writing on the absentee ballot certificate envelope or on a pre-printed insert to be enclosed with the absentee ballot the full name of the witness who witnessed the voting of the ballot and enough of the witness's address to identify the correct residential address and contact that witness, provided that the ballot is otherwise valid.

Dated: July 8, 2020                    Respectfully submitted,

*/s/ Jon Sherman*
Jon Sherman*
D.C. Bar No. 998271
Michelle Kanter Cohen*
D.C. Bar No. 989164
Cecilia Aguilera*
D.C. Bar No. 1617884
FAIR ELECTIONS CENTER
1825 K St. NW, Ste. 450
Washington, D.C. 20006
(202) 331-0114 (telephone)
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
caguilera@fairelectionscenter.org

Douglas M. Poland
State Bar No. 1055189
David P. Hollander,
State Bar No. 1107233
RATHJE WOODWARD LLC
10 E Doty Street, Suite 507
Madison, WI 53703
(608) 960-7430 (telephone)
(608) 960-7460 (facsimile)
dpoland@rathjewoodward.com
dhollander@rathjewoodward.com

Attorneys for Plaintiffs in Case No. 20-cv-278-wmc

*Admitted to the U.S. District Court for the Western District of Wisconsin*