# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF WISCONSIN

DEMOCRATIC NATIONAL COMMITTEE, et al.,

    Plaintiffs,

    v.

MARGE BOSTELMANN, et al.,   Civil Action No.: 3:20-cv-249-wmc

    Defendants,

    and

REPUBLICAN NATIONAL COMMITTEE, et al.,

    Intervening Defendants.

---

SYLVIA GEAR, et al.,

    Plaintiffs,

    v.

MARGE BOSTELMANN, et al.,   Civil Action No.: 3:20-cv-278-wmc

    Defendants,

    and

REPUBLICAN NATIONAL COMMITTEE, et al.,

    Intervening Defendants.

---

CHRYSTAL EDWARDS, et al.,

    Plaintiffs,

    v.

ROBIN VOS, et al.,   Civil Action No. 3:20-cv-340-wmc

    Defendants.

    and

REPUBLICAN NATIONAL COMMITTEE, et al.,

    Intervening Defendants.

---

JILL SWENSON, et al.,

    Plaintiffs,

    v.

| | |
|---|---|
| MARGE BOSTELMANN, et al., | Civil Action No. 3:20-cv-459-wmc |
| and | |
| REPUBLICAN NATIONAL COMMITTEE, et al., | |
|    Intervening Defendants. | |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION
FOR PRELIMINARY INJUNCTION**

TO:   All Counsel of Record

**PLEASE TAKE NOTICE** that Plaintiffs Chrystal Edwards, Terron Edwards, John Jacobson, Catherine Cooper, Kileigh Hannah, Kristopher Rowe, Katie Rowe, Charles Dennert, Jean Ackerman, William Laske, Jan Graveline, Todd Graveline, Angela West, and Douglas West (collectively the "Edwards Plaintiffs"), by their attorneys Laffey, Leitner & Goode LLC, Halling & Cayo, S.C., Urban & Taylor, S.C., and Salawdeh Law Office, LLC, move the Court, located at 120 N. Henry St., Madison, Wisconsin 53703, for injunctive relief pursuant to Fed. R. Civ. P. 65(a). This motion will be heard on August 5, 2020 at 9:00 a.m. in accordance with the Court's June 30, 2020 Scheduling Order [*Edwards* Dkt. # 35].

**PLEASE TAKE FURTHER NOTICE** that the Edwards Plaintiffs seek an order **solely in relation to** the November 3, 2020 General and Presidential Election (the "November Election") as follows:

1.   Compelling prospective injunctive relief as described with particularly in ¶¶ 2-13 in this motion that is focused **exclusively** on how Wisconsin approaches the November Election due to the ongoing and growing problems associated with COVID-19, which is the most significant public health crisis since the influenza pandemic of 1918;

2. Requiring the WEC Defendants identified in Paragraphs 27-34 of the Amended Complaint [Edwards Dkt. #5] to adopt for the November Election the in-person election hygiene protocols established by the United States Centers for Disease Control and Prevention (the "CDC Protocols") as provided at **Exhibit Z** to the Declaration of Joseph S. Goode submitted herewith;

3. Compelling the WEC Defendants to prepare written guidance consistent with the CDC Protocols and any order of this Court and to distribute such guidance no later than August 31, 2020 to each of Wisconsin's 1,853 municipalities overseeing one or more polling stations in Wisconsin for the November Election;

4. Obligating the WEC Defendants to condition each Wisconsin municipality's receipt of grant money being administered by the WEC Defendants under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") and/or Help America Vote Act ("HAVA") upon the municipality's written agreement to implement the CDC Protocols for the November Election and to train all polling personnel with regard to those Protocols no later than October 1, 2020;

5. Enjoining enforcement of Wis. Stat. §§ 6.86 and 6.87, which prohibit municipal clerks from issuing an absentee ballot without a written or electronic application and proof of identification (unless already on file);

6. Compelling the WEC Defendants to direct municipal clerks to send absentee ballots (not merely applications for absentee ballots) by mail to all registered voters on the voter rolls as of September 30, 2020;

7. Enjoining enforcement of all Wisconsin voter identification laws that unduly burden persons with disabilities and instead allowing disabled voters to submit a statement under penalty of perjury that they were unable to safely obtain identification suitable for voting, which

statement shall be in a form drafted by the WEC Defendants and approved in form by the Court after consultation between the parties;

8. Regardless of whether the Court issues the relief set forth above, enjoining enforcement of Wis. Stat. § 6.87(3) to allow electors who have timely requested absentee ballots (but have not received them in time to complete and return them) to be provided with ballots via email or fax so as to allow the elector to timely return the emailed or faxed ballot prior to November 3, 2020;

9. Regardless of whether the Court issues the relief set forth above, enjoining enforcement of the "qualified witness" requirement in Wis. Stat. § 6.87(2) for those who do **not** reside with such a witness to minimize the undue and excessive burden on individuals who are immunocompromised, have mobility limitations, are infected with COVID-19, or are isolating due to exposure to coronavirus, suspected exposure or infection, or pursuant to a local or state quarantine order;

10. Enjoining enforcement of Wis. Stat. §§ 6.88, 7.51 and 7.52 (which prohibit municipalities from reviewing absentee ballots before election day) to allow electors to cure defects that are readily apparent on the transmittal envelope or ballot as determined by the municipal clerk;

11. Enjoining enforcement of Wis. Stat. § 6.86(1)(b) (which limits in-person absentee voting to the period beginning 14 days before the election and ending the Sunday before the election) to allow municipalities to spread out in-person voting consistent with the CDC Protocols;

12. Enjoining enforcement of Wis. Stat. § 6.855(1) (which requires municipalities choosing to offer in-person absentee voting at a site other than the clerk or board of election commissioners' office to designate such sites "no fewer than 14 days prior to the time that absentee

ballots are available for the primary . . . and [site selection] shall remain in effect until at least the day after the election") to accommodate the need to move in-person absentee sites, add additional sites, or to compensate for deficiencies in the mail-in ballot process based on the CDC Protocols or for other reasonable public health concerns; and

13. Enjoining enforcement of Wis. Stat. § 7.30(2) (which requires all election officials and poll workers to be a qualified elector of the county in which they are serving) to address poll worker shortages, allow municipalities to draw from a statewide pool of poll workers, and enable a more effective deployment of National Guard members based on expected shortages stemming from the existence of COVID-19.

The grounds for this motion are set forth in the brief and declarations filed contemporaneously.

Dated this 8th day of July 2020.

    Respectfully submitted,

    **LAFFEY, LEITNER & GOODE LLC**
    *Attorneys for Plaintiffs*

    By:    s/ Joseph S. Goode
           Joseph S. Goode
           Mark M. Leitner
           John J. Laffey
           Sarah E. Thomas Pagels
           Jessica L. Farley
           325 E. Chicago Street
           Suite 200
           Milwaukee, WI 53202
           (414) 312-7003
           (414) 755-7089 (facsimile)
           jgoode@llgmke.com
           mleitner@llgmke.com
           jlaffey@llgmke.com
           stpagels@llgmke.com
           jfarley@llgmke.com

**URBAN & TAYLOR, S.C.**
Jay A. Urban
Urban Taylor Law Building
4701 N. Port Washington Road
Milwaukee, WI 53212
(414) 906-1700
(414) 704-7207 (facsimile)
jurban@wisconsinjury.com

**HALLING & CAYO, S.C.**
Stacie H. Rosenzweig
320 East Buffalo Street
Suite 700
Milwaukee, WI 53202
(414) 238-0197
(414) 271-3841 (facsimile)
shr@hallingcayo.com

**SALAWDEH LAW OFFICE, LLC**
Rebecca L. Salawdeh
7119 W. North Avenue
Wauwatosa, WI 53213
(414) 455-0117
(414) 918-4517
rebecca@salawdehlaw.com