

345 W. Washington Avenue, Suite 201
P. O. Box 2965
Madison, WI 53701-2965
P: 608.282.6200 F: 608.282.6252
www.lawtoncates.com

dlenz@lawtoncates.com

July 10, 2020

Hon. William M. Conley
U.S. District Court for the
Western District of Wisconsin
120 N. Henry St., Rm. 320
Madison, WI 53703

  Re: *Democratic National Committee et al. v. Bostelmann et al.*
     Case Nos. 3:20-cv-249; 3:20-cv-278; 3:20-cv-340; 3:20-cv-459 (consolidated)

Dear Judge Conley:

  On behalf of Defendants in the above-reference consolidated cases Ann S. Jacobs, Dean Knudson, Mark L. Thomsen, Robert F. Spindell, Julie M. Glancey and Marge Bostelmann, in their official capacities as Commissioners of the Wisconsin Elections Commission and Meagan M. Wolfe, in her official capacity as the Administrator of the Wisconsin Elections Commission (collectively, the "WEC Defendants"), we write to respectfully request that, as soon as is practicable (1) the Court hold a status conference via telephone or videoconference regarding pending and future discovery requests, particularly requests for the production of documents, directed to the WEC Defendants, including staff; or, in the alternative, (2) that the Court issue guidance on the proper discovery for purposes of this litigation, particularly the pending motions for preliminary injunctions. ['249 Case Dkt. Nos. 252, 369, 395; '459 Case Dkt. No. 40].

  This Court permitted parties in *DNC et al. v. Bostelmann, et al.* to commence discovery on June 10, 2020, advising the parties: "The parties should be restrained in their requests and should also endeavor to turn around written responses within 7 to 10 days, as well as schedule any needed depositions shortly thereafter." ['249 Case Dkt. No. 217, p. 19]. On June 30, the parties submitted a Joint Stipulated Scheduling Order, contemplating that the additional plaintiffs in the *Gear*, *Swenson* and *Edwards* litigation could commence discovery immediately. ['249 Case Dkt. No. 232].

  On June 22, the *DNC* Plaintiffs served Interrogatories and Requests for the Production of Documents. The Requests for Production are attached hereto. On July 2, the WEC produced over 6,000 documents. While the WEC reviewed and redacted its responses for privilege and personally identifiable information, it sought to be as inclusive as possible in its responses. In addition, the WEC produced Administrator Wolfe for a half-day deposition on July 3 (which will

be continued on July 16). The parties also deposed Commissioner Spindell and will be taking the deposition of the chairperson, Commissioner Jacobs, on July 17.

On July 6, the *Edwards* and *Swenson* plaintiffs served a total of 17 additional Requests for the Production of Documents and on July 9, the *Gear* Plaintiffs served an additional 25 requests. Those requests are also attached. Many of the document requests are incredibly broad and seek things like "all communications" and "all documents" regarding a variety of subjects.

The WEC, particularly its relatively small staff, receives constant communication from voters, local election officials and other interested parties via email, MyVote comment, voicemail and regular mail. That volume of communication was much higher in the lead-up to the April 7 Election. Responding to the *DNC* Requests took an incredible amount of time and effort by the staff, meaning they were unable to perform their normal tasks including preparing for Wisconsin's August 11 Partisan Primary and assisting local election officials. Responding to the pending requests from each other set of Plaintiffs will be overly burdensome on the WEC staff, who will be forced to conduct ongoing searches of their email and documents.

The Plaintiffs have all filed their respective motions for preliminary injunction and voluminous supporting material, which includes no apparent material derived from the *DNC* document production. ['249 Case Dkt. Nos. 252-423]. The *Swenson* plaintiffs filed their motion and material before discovery commenced. ['459 Case Dkt. Nos. 40-51]. In addition to their normal duties, the WEC staff is also assisting counsel in responding to these motions, including over 1,700 Proposed Findings of Fact on or before July 20, 2020. The WEC Defendants are mindful that the Plaintiffs will all have an opportunity to submit briefs in reply and potentially live testimony on August 5-6. The WEC is also aware of the importance of this case to all parties and the public. However, the current level of open-ended document discovery[1] is not sustainable given the expedited nature of the case and the duties and capacity of the WEC. The WEC Defendants' counsel has conferred with counsel for the *Swenson* Plaintiffs and, while all parties worked in good faith, it is apparent that the parties will not be able to agree on the appropriate scope of discovery.

In light of this situation, as well as the Court's prior admonition and the parties' interest in avoiding duplicative motions for protective orders, motions to compel and repetitive briefing, the WEC Defendants respectfully request that, as soon as is practicable (1) the Court hold a status conference via telephone or videoconference regarding pending and future discovery requests, particularly requests for the production of documents, directed to the WEC Defendants, including staff; or, in the alternative, (2) that the Court issue guidance on the proper discovery for purposes of this litigation, particularly the pending motions for preliminary injunctions.

---

[1] The *Edwards*, *DNC* and *Swenson* Plaintiffs have also served interrogatories and requests to admit, to which the WEC Defendants will continue to respond.

Sincerely,

LAWTON & CATES, S.C.

*Electronically signed by Daniel S. Lenz*
Daniel S. Lenz
Terry M. Polich
Dixon R. Gahnz.
Daniel P. Bach

DSL:cf
cc:     All counsel of record (via E-Filing)